# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs August 2, 2001

## JIMMY WAYNE WILSON v. STATE OF TENNESSEE

**Appeal from the Chancery Court for Davidson County**
**No. 98-301-I    Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2000-02934-COA-R3-CV - Filed November 21, 2001**

---

By opinion of this Court dated August 27, 1999, dismissal by the trial court of Plaintiff's Petition for Declaratory Judgment or Common Law Writ of Certiorari complaining about computation of his sentence reduction credits was affirmed with costs assessed against Petitioner. He then attempted to have his inmate trust account shielded from collection of court costs by claiming exceptions under Tennessee Code Annotated section 26-2-101, *et seq.* The trial court denied his application and he filed timely appeal. We affirm the trial judge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Jimmy Wayne Wilson, Wartburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter and Arthur Crownover, II, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

## MEMORANDUM OPINION[1]

Jimmy Wayne Wilson, having been unsuccessful in case number 01A01-9806-CH-00302 in sustaining his petition for declaratory judgment and/or common law certiorari relative to sentence reduction credits, was taxed with court costs in the trial court and court costs on appeal under judgment of this Court dated August 27, 1999.

---

[1]Court of Appeals Rule 10:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Appellant then applied to the trial court seeking to interpose the exemption statutes in Tennessee Code Annotated section 26-2-101, *et seq.* to exempt his inmate trust account from execution for court costs.

The only issue presented on appeal in this case is the refusal of the trial judge to exempt his inmate trust account from collection of court costs. This issue is controlled by the opinion of this Court in *David Palmer v. Tennessee Department of Correction*, No. M2000-02351-COA-R3-CV released by this Court on November 8, 2001.

In *Palmer*, this Court held that Tennessee Code Annotated section 26-2-101, *et seq.* was inapplicable to court costs assessed against a party instituting litigation. Said the Court:

> We have determined that throughout our history the legislature intended that costs of litigation are to be the responsibility of the person instituting the litigation unless relieved thereof by the judgment of the court. The intent is manifested again by the provisions of the 1978 legislation, part of which is the subject exemption statute, indicating that the legislation is directed at defendant judgment debtors. Placing this determination with the explicit provision in the pauper's oath statute that merely suspends the payment of costs until "taxed by the court," we reach the conclusion that the legislative intent, as expressed by the ordinary meaning of the language used, is that a person who is allowed to commence a suit without giving security for the costs is not relieved of the obligation to pay the costs by virtue of the exemption statute.

*Palmer*, 2001 WL 1386091, at 4.

Accordingly, the judgment of the trial court is affirmed.

This case is remanded to the trial court for such further proceedings as may be necessary. Costs of this appeal are assessed against Appellant, Jimmy W. Wilson, for which execution may issue if necessary.

_____
WILLIAM B. CAIN, JUDGE